Mr. Verdin, if you're ready, you may proceed. Thank you, Your Honor. Good morning, and may it please the Court, Matthew Verdin on behalf of Appellant Cynthia Wills would like to reserve three minutes for rebuttal. First Republic Bank broke its promise to its customer, Ms. Wills, to secure timely delivery of a check. We ask for the reversal of the District Court's decision dismissing her contract and negligence claims based on that broken promise. This morning, I'll focus on two primary grounds for reversal that are based on arguments that the Bank does not dispute and thereby concedes. First, the District Court erred in failing to evaluate the contract claim under a theory of promissory estoppel. The Bank does not dispute that this Court has held on multiple occasions that District Courts have a duty to examine a complaint to determine if the allegations provide for relief under any possible theory. And the Bank does not dispute that promissory estoppel is a possible theory supporting Ms. Wills' claim. It's true. On the promissory estoppel, I got your argument on that in the briefing, and as I understood the District Court's decision on the contract claim, it wasn't that your client didn't plead the elements. It was that your client didn't really do much more other than just plead the elements. So even assuming on your promissory estoppel claim that you could make that, where in, can you point us in the excerpts of the record, where in the pleadings that she made, she pleaded more than just, I understand she said there was a part, you know, a contract. Can you point out to where she actually kind of gave the details of the promise? Because I think she has to do that, give some details. I mean, maybe not super details, but she can't just say the word promise or contract, right? Would you agree to that, that she can't just say, you know, just conclusory say there was a contract or there was a promise? I agree with that statement. So can you show us where it tells us what kind of promise was made? Because I think she needs to have done that. Yes. Paragraph 9 of the operative complaint on page 55 of the record, Ms. Wills alleges that she and the bank entered into an oral contract to secure timely delivery of a check to her creditor for payment on her account. In support of that allegation, Ms. Wills alleges, creates a relationship with the creditor. So page 55, ER 55, okay. Can you start over? I'm sorry, I'm there now. Yes. Ms. Wills alleges that she and the bank entered into an oral contract to secure timely delivery of a check, of the $10,000 check, to American Express for payment on her account. But it says she has an oral and implied contract, which seems to me to be like sort of illegal. She found the elements of that somewhere and wrote it in. And then she says about that contract, in which the bank contracted and was obligated to secure timely delivery. But it doesn't tell us or it doesn't tell the district court why. It's very conclusory. It doesn't say this was the term of it, this is. In support of that allegation, she alleges a preexisting relationship with the bank, San Francisco. Branch location. At four months prior to the withdrawal allegation, she had made a large withdrawal through that branch location that was very similar in nature. She had conversations with bank employees regarding the check, where she was crystal clear in her request to expedite the check, that she then performed extreme due diligence, and after doing so was confident. Is that different than regular due diligence? I'm sorry, Your Honor? Is that different than regular due diligence? I think the reasonable inference is that she did something more than those initial conversations. Let me ask you a slightly different question. I'm having difficulty in reading this complaint, even assuming that I can infer from it that there was a contract, in figuring out how your client was damaged. So let me walk through this and tell me where I'm wrong. She says, I had an agreement with them that they would mail a $10,000 check to American Express. I learned that it didn't arrive. There was a conference call in which there was a bank employee, an American Express person, and her, and the bank said, presumably, it's our fault, we'll get another check off right away. They did, and it bounced. There's no allegation in the complaint that it bounced because of the fault of the bank. What you say is for reasons unknown, which is sort of a strange allegation, because it's her account. She must have either known that she had enough money in it or not. So I'm trying to figure out, even if you've sufficiently pleaded duty or a contract, how is it that your client was hurt? I can't tell that from this complaint. Yes, Your Honor. She was, the most immediate consequence was damage to her credit. The bank as a financial institution. No, I understand what a bank is. I'm trying to figure out. It says she apparently has a prompt meeting after she learns it didn't get there. The bank says, we'll work everything out. American Express is apparently cooperative. And then they send another check, and it bounces. And, of course, if the check bounces, there's going to be damage to her credit. So I'm trying to figure out. And there's no allegation that the second check bounces because of any fault on the part of the bank. She just doesn't have enough money in the account is what I infer. So how was she damaged by any breach of contract or breach of duty here? The reasonable inference to be drawn at this stage is that the check did not bounce for insufficient funds. To the extent, Your Honor. Why is that a reasonable inference? It's her account. Surely she knows. And what your complaint says is for reasons unknown. So don't you have to at least have some allegation of fault on the part of the bank? The bank would not have processed the initial request if there were insufficient funds. To the extent, Your Honor. Why? Why? It's not a certified check, as I understand it, is it? No, I do not believe so. So I can write checks on accounts all the time without the bank checking first before mailing them off if I ask them to, whether the funds are in them. So my problem is as I read all this, even if I'm very generous in terms of thinking about whether there's a contract or a duty of reasonable care here, I have a hard time figuring out how, given this sequence of events, your client was hurt. If Your Honor is inclined to find this particular allegation unclear at this point, the appropriate remedy is leave to amend. For pro se complaints, the law of the circuit is that leave to amend must be required unless it is absolutely clear that any deficiencies cannot be cured by amendment. And the bank does not dispute that under this standard, leave to amend is required. And certainly in an amended complaint, she could clarify Your Honor's point as to whether the bonds check was for reasonable reasons. Counsel, I expect you want to keep a little bit of time. On the leave to amend question, we do have a very generous leave to amend standard in this circuit. So the question I've got for you is what do we do if on appeal we look and say, you know, counsel has come up with some arguments she could have made, but the district court gave the person one or more options to fix it or opportunities to fix it and they didn't. At some point, the district court doesn't have to just keep on giving them opportunities to fix it if they've given them the opportunities and they haven't fixed it, even though in theory they could fix it. Would you agree with that? Whether leave to amend is granted in a particular case on futility grounds is evaluated on a complete complaint basis. My point is not so much about futility. It's about even if in theory it wouldn't be futile in theory, how many opportunities do you have to give a pro se plaintiff to amend if they just never fix it, even if in theory they could? Well, this is a special case. This is a case in which a bank made a gratuitous promise to its customer, and all that we're asking for is in this limited and unique context, where the allegations in a pro se complaint point to a basic theory of contract law like promissory estoppel, the district court had a duty to consider it. And unless your honors have more questions, I would like to reserve the remainder of my time. Judge Erickson has a question, but I'll give you some time for rebuttal. On the point of it being a pro se complaint, did the district judge not refer this to the district's pro se project in an attempt to assist Ms. Wills in preparing a reasonable complaint the second time around? Yes, your honor. What more should the district judge have done at that point? The judge explained the elements, referred her to the pro se project, and after those efforts, which are laudable on the part of the district judge, another complaint comes in. It's woefully inadequate, arguably. We're about to hear in 37 seconds. Does the circuit's generous policy with respect to leave to amend apply after those efforts have already been undertaken by the district judge? Yes, your honor. Leave to amend, again, is evaluated on a complaint-by-complaint basis. In the Lopez case, for example, this court sitting on bond, held that a district court erred in dismissing a complaint with prejudice, and in that case, that complaint was unamended. In this case, also, the district court erred, and I see that my time is up. Please continue, and I'll give you some time for rebuttal. We've taken you over. Okay. Thank you. No, please finish your answer to Judge Erickson. In this case, the district court also failed to examine the complaint under the theory of promissory estoppel and also erred in dismissing the negligence claim for failure to establish the factually wrong grounds for establishing the duty element. And so I'll just stop there. Thank you. Mr. Aronoff? Thank you, your honor. Please, the court. First Republic Bank has tried very hard, and the pleadings have just failed to come up with an answer, has tried very hard to work with Ms. Wills, the appellant, and I might point out something that was rather interesting in the district court's decision, and that is that the court quoted Ms. Wills, and this is in the district court decision in dismissing, references that she worked extensively with American Express to resolve the nightmare involving the $10,000 check. That was her words, which lasted until the third week in September and wasn't fully resolved until late October. So what we've got here effectively is. Can I ask you to, I don't have much difficulty reading this complaint. Maybe it lacks detail, but seeing an allegation that your client promised Ms. Wills that it would mail a check or deliver it, get a check delivered, I guess it was done by UPS, to American Express, and for some reason that didn't happen, why isn't that a sufficient allegation of breach of contract? Putting aside damage for a second, what more does she need to say? Well, she'd have to be able to say exactly what date, when there would be the execution. Really? I mean, I know Iqbal and Twombly are more stringent than the old pleading standards, but must one have dates and names? She says she met with a representative of the bank. The bank agreed to mail the check to American Express, and it wasn't done. Now, I have some difficulty with the damages part of it, as I told your friend, but what more detail does she need to put in a complaint to plausibly allege that there was an agreement? Well, I think that what she had to do was exactly what the district court gave her the guidance to do, and that was the second time around. Again, it was just this vague statement of a phone call. At the end of the day, what we see is actually the reality is that there was a delivery of a check. There was a delivery of a check that was balanced. There was a resolution with the part of the American Express with respect to that. It doesn't, just to be able to say in general that there's been a breach of a contract, or even if there were a general theory that had been enunciated in the original complaint along the lines of what the appellant suggests with respect to the phone call. Isn't the allegation here, again, it may not make a case, but the allegation is I agreed with you that you would mail this check to American Express or deliver it promptly. That didn't occur. What occurred after that is a separate question, but if we just focus on that for a second, I'm not sure what her damage from that is because you delivered a second check promptly, but why isn't that at least a sufficient allegation of a contract? Your Honor, I think that that's an excellent question, but that question was something that the district court dealt with as well. The district court essentially said you have to be able to tell me more than using the conclusory language. Well, I don't want to spend too much time on this, but she doesn't just have conclusory language. She says you agreed. She said we entered into an oral and written, partially oral and written contract, but you agreed to send a check to American Express, and you didn't, or somehow it didn't get there. Originally, she thought it was UPS's fault. Maybe it was the bank's fault. Fault is not really well pleaded in this, but at least in terms of the basic elements of a contract, I don't see much difficulty finding it. I have difficulty finding breach and detail about why she was harmed, but I'm not sure that one pleads a contract. One needs to have the name, date, and place of all the people you spoke to. I know the district court said that, but I'm pushing back on it a little bit. Yes. Your Honor, I understand, but I do believe that just the sense of, you know, we're not at trial. We're simply, this is up on appeal, and we have to have some kind of guidance to know what happened, what date it happened, what the allegation was. We don't have those things, and that's why this never got to the point of an answer, and the district court did everything within its power to be able to say flesh it out, tell us what the details, what was the expectation, what was the date that he talked about it. Did it get there? Did it not get there? And at the end of the day, it got there, and there's no damages. Can I tell from this record why the, what I would call the second check bounced? Is there anything in this record that lets me infer one way or the other about it? Just that there was a quotation from the amended complaint which said that, that was all. Yeah, and it just says for, I think the brief says for some unknown reason, but there's no allegation in the complaint that lets me make an inference as to why it bounced, is there? No. There isn't anything in there. What's the case that you would cite us to, Mr. Aronoff, that most strongly supports your argument that an oral contract has to be pled in the sufficiency and detail that was articulated by the district court? An argument could be made that what the district court was requiring was almost a level of specificity that you would look for in a fraud complaint. Is there a case or two that you would specifically cite us to? I don't have any case on the top of my head right now as we speak. It may be that we allege those and it was in our motions below, but I cannot tell you as we speak at this moment. But I will say this, that she was given the opportunities, and if we want to think if there wasn't an opportunity to do this, if this was just simply thrown out to begin with, but even if we went to the point of promissory estoppel, and this is going to be the issue in terms of can she come up with new facts later on? So the appellant references, for example, the electrical construction and maintenance company versus my aid intake, and where they make reference to the restatement of contracts about a promise that we reasonably expect to induce action or forbearance on the part of the third promissory or third person which does induce it. But in our case, the existing second amendment complaint that we've got doesn't allege any sort of forbearance or underlying contract that gave rise to create some kind of prejudice against her. They have to really essentially recreate some kind of new facts. What was it that she relied upon? Was it reasonable? How do you define the date by which it was done? And at the end of the day, as stated by the district court, there was nothing. In the first amendment complaint itself, it talked about the matter having been resolved. So there would have to be something that would flesh out so that we'd even know what we're talking about. At this stage, we do not know. Did either of my colleagues have other questions? Thank you. I don't mean to cut you off. You stopped, and so I wanted to make sure we didn't have other questions. You're not required to use all your time. No, I understand. I'd like to reserve the minute. Well, you can't reserve because you are the appellee. So when – That's fine. All right. Why don't we put a minute back on the clock for Mr. Verdin? Thank you, Your Honors. I'd like to just make – Wait a second. Wait a second while we set the clock here. Okay. Go ahead. Thank you, Your Honors. I would just like to make a couple points. First, there is no allegation that the second check was delivered for a complaint that's not in the complaint at this point. Second, there was a discussion of whether or not Ms. Wills officially alleged, for example, the names of the employees she spoke to. In her opposition to the bank's motion to dismiss below, she does identify the names of multiple bank employees with whom she spoke. And then third, on the reliance piece, Ms. Wills does allege that she performed extreme due diligence and after doing so was confident the check was safely en route. As stated in the brief, a reasonable inference to be drawn from those allegations is that Ms. Wills relied on the bank by not making alternative arrangements to pay her creditor. In conclusion, this is a special case. Without any obligation to do so, First Republic Bank made a promise. I see my time is up. May I briefly conclude? Why don't you finish your sentence? And it is clearly established law that for gratuitous promises like the bank's, those promises may be enforceable under a theory of promissory estoppel and may also give rise to a duty of care. We ask for reversal so that the district court may properly evaluate their claims on remand. Thank you, Your Honor. I thank both counsel. I also thank Mr. Verdin for taking on this case pro bono under our program. We appreciate it. And this case will be submitted. Thank you, Your Honor. Thank you.
judges: HURWITZ, VANDYKE, Ericksen